[No. 4485.  Decided March 26, 1903.]

AMERICAN BRIDGE COMPANY *of New York, Respondent,* v. D. A. ROBINSON *et al., Appellants.*

NONSUIT — SUFFICIENCY OF EVIDENCE.

In an action to recover the value of iron plates furnished defendants for use in a structure, a nonsuit was properly denied, when defendants' contention, that the contract called for curved plates, ready for adjustment, while only flat ones were furnished, was not supported by the written contract, and there was a conflict in the expert testimony as to whether or not the detail plans and drawings called for bent plates.

TRIAL — HARMLESS ERROR — RECALLING WITNESS.

Recalling a witness after a trial had closed, for the purpose of permitting him to deny a statement attributed to him by another witness, would not be ground for reversal, in the absence of a showing that the adverse party was prejudiced thereby.

Appeal from Superior Court, Adams County.—HON. CHARLES H. NEAL, Judge.  Affirmed.

*John P. Hartman,* for appellants.

*Bausman & Kelleher,* for respondent.

PER CURIAM.—This is an action to foreclose a lien for material used in the construction of a grain tank. Appellant Robinson was the contractor who built the grain tank for his co-appellant, Ritzville Flouring Mills.  He entered into a written contract with respondent's assignor to furnish certain structural iron and steel to be used in constructing the tank, the same to be fur-

nished according to plans and specifications which were approved ·by said Robinson. The contract price was $2,260; no part of which having been paid, this suit was brought to obtain a personal judgment against said Robinson, and to foreclose a lien for the amount upon the said tank and the land upon which it is situate. The answer alleges facts upon which a counterclaim of $354.65 is claimed, and it is alleged that, including interest, a balance of $1,912.85 only is due. A tender of $2,000 was made and refused, which tender was renewed in court. The cause was tried by the court without a jury, and judgment rendered in favor of respondent for $2,251.75, together with attorney's fees and costs. From said judgment this appeal was taken.

Error is urged upon the refusal to grant appellants' motion for a nonsuit. We think the evidence introduced by respondent was such that the motion was properly denied. The assignments of error are chiefly confined to the court's findings and conclusions and to its refusal to find as requested. The court allowed certain claims of appellants, amounting to $109.25, but found an amount still due in excess of the tender, and gave judgment for the whole, including interest, less said last-named sum. The contention is that the court erred in its findings as to the other items claimed. The chief contention is that the contract provided for furnishing the plates which surrounded the tank, curved, ready to be adjusted to the circular form of the structure, and that, inasmuch as they were shipped not curved, but as straight or flat plates, appellants were required to incur additional expense for scaffolding and otherwise in order to bend the plates and put them in place. The written words of the contract are entirely silent upon this subject, but it is urged that the detail plans and drawings which are a part of the contract call for these plates to

be bent or curved. We have examined the drawings and plans which are brought here with the record, and we are unable to satisfy ourselves that they so provide. Whether they would ordinarily be so construed by mechanical experts or not, we do not know. Witnesses in this case, who appear to be experts, are not in accord upon the subject. As far as we are able to understand the drawings and what is written thereon, we are unwilling, from that evidence alone, to disturb the court's findings, especially in view of the fact that the written words of the contract make no mention of the matter. The court found that it is not customary to furnish such plates bent, and that if they were bent by the manufacturer, their thinness and lightness are such that they would not retain any curvature given them, but would tend to resume their original flatness. The testimony is very conflicting upon this subject and upon other points found by the court. We have carefully read the testimony, and are unwilling to say that the preponderance is against the findings upon any point. We shall, therefore, not disturb them.

It is assigned that the court erred in permitting respondent to recall a witness after the trial had closed and after appellants' witnesses had left the place of trial. The only testimony elicited, however, was a simple denial of a statement made by Mr. Robinson while upon the witness stand as to something he claimed the witness had said to him. We do not see that appellants were prejudiced thereby. The matter was largely in the discretion of the court, and, unless there was manifest prejudice to appellants' rights, it is not ground for reversal. If appellants were seriously surprised, there is no request shown in the record for a continuance or for opportunity to submit further testimony. Under such circumstances, we think the court did not commit prejudicial error.

The judgment is affirmed.